IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| DEREK WINSTANLEY, PATRICIA LANE, and JOHN BELMONTE, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>TRISTAR PRODUCTS, INC., and DOES 1 THROUGH 10,<br><br>    Defendants. | Civil Action No. _____<br><br>CLASS ACTION<br><br><br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff Derek Winstanley, Plaintiff Patricia Lane, and John Belmonte ("Plaintiffs"), on behalf of themselves and all persons similarly situated, by and through their attorneys, allege as follows.

**INTRODUCTION**

1. This is a class action brought on behalf of Plaintiffs, individually, and on behalf of all other similarly situated consumers who purchased a Flex-Able Hose from Tristar Products, Inc. ("Defendant"). Defendant advertised its Flex-Able Hose as being an expandable, lightweight garden hose that was tough, durable, and long-lasting. Defendant further advertised the Flex-Able hose as being able to both expand and contract without "kinking," as experienced with other garden hoses.

2. As compared to a more traditional garden hose, which is typically made of rubber, the Flex-Able hose is constructed with a thin cloth layer exterior and a thin plastic internal tube

interior. This allows the Flex-Able hose to contract when there is no water in the hose, providing for easier storage.

3. Defendant's marketing and packaging states that the Flex-Able hose is tough, durable, and long-lasting. Contrary to Defendant's representations, however, Defendant's Flex-Able hose is defective and predisposed to leaking, bursting, seeping, and dripping due to no fault of the consumer.

4. Defendant knew, or should have known, that its Flex-Able hose was defective and not fit for its ordinary and intended purpose as a garden hose. Defendant, however, actively concealed this material fact from Plaintiffs and the members of the Class at the time they purchased their Flex-Able hoses.

5. Despite its active concealment of the defect and the numerous internet complaints regarding the Flex-Able hose, Defendant continues to market and sell the Flex-Able hose to consumers throughout the United States, causing millions of dollars of damages as it does so.

## PARTIES

6. Plaintiff Derek Winstanley ("Plaintiff Winstanley") is a citizen of the state of Illinois and currently resides in Champaign, Illinois. On or about March 27, 2014, Plaintiff Winstanley purchased two of Defendant's 50 foot Flex-Able hoses for $29.98 each at a Sam's Club located in Champaign, Illinois. Plaintiff Winstanley made the decision to purchase Defendant's Flex-Able hoses based on Defendant's representations on the Flex-Able's packaging that the hose would be tough, durable, and last a long time before it needed to be replaced. On or about April 22, 2014, one of Plaintiff Winstanley's Flex-Able hoses ruptured at the connector piece where the Flex-Able hose is designed to attach to a spigot or another hose. As a result, Plaintiff Winstanley's Flex-Able hose is no longer suitable for use as a garden hose.

7. Plaintiff Patricia Lane ("Plaintiff Lane") is a citizen of the state of Colorado and currently resides in Denver, Colorado. On or about July, 2013, Plaintiff Lane purchased two of Defendant's Flex-Able hoses through the internet. Plaintiff Lane made the decision to purchase Defendant's Flex-Able hoses based on Defendant's representations on the Flex-Able's packaging that the hose would be tough, durable, and last a long time before it needed to be replaced. On or about April 2014, of the ends of Plaintiff Lane's Flex-Able hose severed from the rest of the hose, thereby rendering the Flex-Able hose unfit for continued use as a gardening hose.

8. Plaintiff John Belmonte ("Plaintiff Belmonte") is a citizen of New York who currently resides in Staten Island, New York. On or about September 2013, Plaintiff Belmonte purchased two 100 foot long Flex-Able hoses directly from Defendant, one for $60.00 and the second for $40.00. On or about April 2014, Plaintiff Belmonte's first hose ruptured in multiple places, rendering it unfit for use as a gardening hose. Plaintiff Belmonte has not used the second Flex-Able hose he has purchased, as he believes it will also rupture in multiple spots. Instead, Plaintiff Belmonte has decided to revert to using a standard rubber gardening hose, which he believes is tough, durable, and long-lasting, unlike Defendant's Flex-Able hose.

9. Defendant Tristar Products, Inc. is a Pennsylvania corporation with its headquarters and principal place of business located at 492 U.S. 46, Fairfield, NJ 07004. Defendant designs, manufactures, and sells its products through its interactive website and a nationwide distribution network, as well as through traditional brick-and-mortar retail stores, including national retailers such as Sam's Club and Target, among others.

10. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is legally responsible in

some manner for the unlawful acts referred to herein.  Plaintiffs will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as DOES when such identities become known.  Any reference to "Defendant" in this Complaint shall include DOES 1 through 10.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendants. *See* 28 U.S.C. § 1332(d)(2)(A).

12.     This Court has personal jurisdiction over Defendant as its corporate headquarters and principal place of business is located in this state.

13.     Venue properly lies in this district pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the acts giving rise to Plaintiffs' claims occurred in this district, members of the putative Class are residents of this jurisdiction, because Defendant conducts substantial business in this judicial district, and because Defendant's headquarters and principal place of business are located in this judicial district.  Defendant has sufficient minimum contacts with the State of New Jersey and intentionally avails itself of the consumers and markets within the State of New Jersey through the promotion, marketing and sale of its products.

## FACTUAL BACKGROUND

14.     Defendant designed, marketed, distributed, and sold its Flex-Able hoses through the internet and through various retail outlets, including Sam's Club and Target.  Upon

information and belief, Defendant has sold tens of millions of dollars' worth of the Flex-Able hoses.

15. Unbeknownst to consumers, Defendant's Flex-Able hoses contain design and/or manufacturing defect(s) resulting in leaking, bursting, seeping, and dripping. Defendant not only had knowledge of the design and/or manufacturing defect, but actively concealed the defective nature of the Flex-Able hoses from Plaintiffs and the Class.

16. Defendant marketed its Flex-Able hose as a tough, durable, and long-lasting gardening hose. Specifically, Defendant made the following statements in the Flex-Able hose advertisements:

- "The Flex-Able hose is made of a tough double-wall construction that is designed to bend and stretch but never kink."[1]

- "Stop struggling with heavy hoses that are kinked and deliver little or no water, or worse, break."[2]

- "The Flex-Able hose … is guaranteed to take the mess out of watering your lawn and plants."[3]

- "Flex-Able hose is designed like a fire hose for speed, storage and strength, to last a really long time."[4] In this video advertisement, a fire truck is displayed driving over the top of the Flex-Able hose.

---

[1] *See* http://www.flexablehose.com/ (last visited Apr. 23, 2014); https://www.youtube.com/watch?v=hCYpYy2Mefg (last visited Apr. 23, 2014).
[2] *See* https://www.youtube.com/watch?v=hCYpYy2Mefg (last visited Apr. 23, 2014). At around five seconds into the video, in conjunction with the above statement, a man is seen handling a hose with a large leak.
[3] *See id.*
[4] *See id.*

H0035389.                                                   - 5 -

17. Plaintiffs viewed the above marketing materials and statements prior to purchasing their Flex-Able hoses and believed Defendant's representations regarding the durability, toughness, and longevity of the Flex-Able hoses to be true.

18. Contrary to Defendant's representations, the Flex-Able hose is not durable, is not tough, and does not last a long time.

19. Defendant's Flex-Able hose is not fit for its ordinary and intended purpose of a gardening hose as it is prone to leaking, bursting, seeping, and dripping.

20. Upon information and belief, thousands of purchasers of the Flex-Able hose have experienced leaking, bursting, seeping, and dripping. Indeed, the internet is replete with examples of blogs and other websites where consumers have complained of the exact same defects as Plaintiffs (any typographical errors are attributable to the author of the review):

- I purchased two 75' hoses. I used the first one about ten times last fall. Loved it and even told others about it. About a month ago, at the first thaw from winter, I attempted to use it and the plastic coupling attached to the sprayer cracked. I figured it was my fault for letting it weather itself through the winter. This morning. I attache the second, new, hose and the coupling literaly exploded the moment I opened the nosel to spray. It was so powerful that it left the hose itself shredded. My attempt at speaking to customer service was more than frustrating with their "agent" apologising and offering me a Wallmart gift card - another basic scam. Do not buy this product! The idea is great but the basic engineering is faulty and even dangerous.[5]
- I bought two of these hoses and it was fairly new was watering my flowers and it literally blew up about 12 inches from my hand it piped my hand with the end closest to my hand and frankly I'd not advise anyone to by them I'll stick with the old fashioned hoses at least the don't explode and bruise your hand up waist of money for sure.[6]
- First time I used this hose it popped at the end and sprang a leak as soon as I turned off the water valve. My water pressure is running at 65 PSI well under the standard so pressure is not the blame. This item is not worth your money and my advise is to stay with the traditional hose until someone makes something better.[7]

---

[5] *See* http://www.complaintslist.com/gardening/flexable-hose/ (last visited Apr. 24, 2014).
[6] *See id.*
[7] *See* http://www.amazon.com/Flexable-Pocket-Water-Hose-colors/dp/B00AG0EOBA (last visited Apr. 24, 2014).

- Used these hoses only once before two of them blew out (during second use) within 10 minutes of each other even on a pressure regulated faucet and being used in the shade. Also threaded hose ends seem to be odd threads that leak badly. Concept was good for an RV owner but product absolute junk.[8]

21. Defendant was, and still is, under a continuing duty to disclose the defective nature of its Flex-Able hose to consumers. Defendant has actively concealed the existence and nature of the defect in the Flex-Able hose from Plaintiffs and the Class.

22. Defendant has caused and is continuing to cause Plaintiffs, as well as members of the Class, to pay money to repair or replace Defendant's defective Flex-Able hoses.

## CLASS ACTION ALLEGATIONS

23. This action is brought on behalf of Plaintiffs, individually and as a class action, pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and/or 23(b)(3) on behalf of a nationwide class of consumers. Specifically, the nationwide class consists of:

> All persons in the United States who purchased a Tristar Flex-Able hose (the "Nationwide Class" or "Class").

24. In the alternative to the Nationwide Class, and pursuant to FED. R. CIV. P. 23(c)(5), Plaintiffs seek to represent the following state subclasses:

> All persons in Illinois who purchased a Tristar Flex-Able hose (the "Illinois Class").
>
> All persons in Colorado who purchased a Tristar Flex-Able hose (the "Colorado Class").
>
> All persons in New Jersey who purchased a Tristar Flex-Able hose (the "New Jersey Class").
>
> All persons in New York who purchased a Tristar Flex-Able hose (the "New York Class").

---

[8] *See id.*

25. The rights of each member of the Class were violated in a similar fashion based upon Defendant's uniform actions.

26. This action has been brought and may be properly maintained as a class action for the following reasons:

    a. <u>Numerosity</u>: Members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains thousands of members. Upon information and belief, Defendant its Flex-Able hoses to tens, if not hundreds, of thousands of consumers throughout the United States. The Class is therefore sufficiently numerous to make joinder impracticable, if not impossible. The precise number of Class members is unknown to Plaintiffs.

    b. <u>Existence and Predominance of Commons Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

        i. whether Defendant's Flex-Able hose is defective;

        ii. whether Defendant knew its Flex-Able hose was defective;

        iii. whether Defendant intentionally concealed or failed to disclose to Plaintiffs and the Class the inherent nature of the defect in its Flex-Able hoses;

        iv. whether Defendant had a duty to Plaintiffs and the Class to disclose the inherent defect in its Flex-Able hose, and whether Defendant breached that duty;

      v. whether a reasonable consumer would consider the defective nature of the Flex-Able hose to be material in deciding to purchase the Flex-Able hose;

      vi. the appropriate nature of class-wide equitable relief; and

      vii. the appropriate measurement of restitution and/or measure of damages to award to Plaintiff and members of the Class.

These and other questions of law or fact which are common to the members of the Class predominate over any questions affecting only individual members of the Class.

    c. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the Class since Plaintiffs purchased a Flex-Able hose that was designed, manufactured, and marketed by Defendant as being tough, durable, and long-lasting, as did each member of the Class. Furthermore, Plaintiffs and all members of the Class sustained monetary and economic injuries arising out of Defendant's wrongful conduct. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent class members.

    d. <u>Adequacy</u>: Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class that they seeks to represent; they have retained counsel competent and highly experienced in complex class action litigation; and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

    e. <u>Superiority</u>: A class action is superior to other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive

litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

f. <u>Ascertainibility</u>: Class members are readily ascertainable, and can be identified by Defendant's records. Upon information and belief all (or nearly all) class members can be identified by Defendant's business records.

g. Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole; and

h. In the absence of a class action, Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of its wrongful conduct.

i. Application of New Jersey law to the Nationwide Class is appropriate because Defendant's principal place of business is located in New Jersey and Defendant's deceptive marketing scheme was designed in and emanated from New Jersey.

## VIOLATIONS ALLEGED

### COUNT I
### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT ("NJCFA")
(On Behalf of the Nationwide Class or, Alternatively, the New Jersey Class)

27. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

28. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Class against Defendant.

29. The NJCFA was enacted to protect citizens from deceptive, fraudulent, and misleading commercial practices and makes such practices unlawful.

30. The aforementioned unlawful, false, deceptive, and misleading advertisements by Defendant constitute a violation of N.J. STAT. ANN. § 56:8-2 because Defendant made affirmative misrepresentations regarding the strength, durability, and longevity of its Flex-Able hoses.

31. The aforementioned unlawful, false, deceptive, and misleading advertisements by Defendant constitute a violation of N.J. STAT. ANN. § 56:8-2 because Defendant knowingly omitted and concealed material facts regarding the strength, durability, and longevity of the Flex-Able hose and Defendant knew that others would rely on such omissions and concealments.

32. The aforementioned unlawful, false, deceptive, and misleading advertisements by Defendant constitute a violation of N.J. STAT. ANN. § 56:8-2.2 because Defendant advertised its Flex-Able hoses as part of a plan or scheme not to sell a tough, durable, and long-lasting hose, contrary to its advertisements and marketing materials.

33. Defendant's advertisements also violated the NJCFA because they contained materially misleading (and false) statements, and omitted material information.

34. As a result of Defendant's conduct, Plaintiffs and Class Members have suffered an ascertainable loss in the form of direct monetary losses.

35. A causal relationship exists between Defendant's unlawful, false, deceptive, and misleading conduct and the Plaintiffs' and the putative Classes' injuries, including, but not limited to, the amount of money spent on purchasing Defendant's Flex-Able hoses. Had Defendant not engaged in the aforementioned deceptive conduct, Plaintiffs and the putative Classes would not have purchased Defendant's Flex-Able hoses, or would have paid less for them.

36. Notice of this lawsuit has been provided to the New Jersey Attorney General as required by N.J. STAT. ANN. § 56:8-20.

## COUNT II
### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS § 505/1 *et seq.*, and ILLIONIS UNIFORM DECEPTIVE TRADE PRACTICES ACT, 815 ILCS § 510/2.
**(On Behalf of the Illinois Class)**

37. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

38. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Illinois Class against Defendant.

39. Defendant knew its Flex-Able hoses were defectively designed or manufactured, were prone to premature failure, and were not suitable for their ordinary and intended use as a gardening hose.

40. Defendant engaged in unfair and deceptive acts or practices by intentionally failing to disclose the design or manufacturing defect inherent in its Flex-Able hoses.

41. Defendant concealed material facts from Plaintiffs and members of the Illinois Class in order to induce Plaintiffs and the members of the Illinois Class to purchase the Flex-Able hose, knowing that Plaintiffs and the members of the Illinois Class were relying on Defendant's affirmative misrepresentations.

42. Plaintiffs and the members of the Illinois Class would not have purchased Defendant's Flex-Able hose, or would have paid less, had Defendant disclosed the true, defective nature of its Flex-Able hoses.

43. Defendant's conduct is a violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2.  As a violation of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, Defendant's conduct is a violation of Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2.

44. Defendant's unfair or deceptive act or practice occurred in the course of conduct involving trade or commerce, and was directed to the market in general.  The complained-of conduct in this case implicates consumer protection concerns.

45. Defendant's consumer fraud proximately caused injury to Plaintiffs and members of the Class.

46. Plaintiff is entitled to actual damages, punitive damages, and reasonable attorneys' fees and costs, as well as any other relief the Court deems proper.

### COUNT III
### VIOLATIONS OF THE COLORADO CONSUMER PROTECTION ACT
**(On Behalf of the Colorado Class)**

47. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

48. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Colorado Class against Defendant.

49. Colorado's Consumer Protection Act (the "CCPA") prohibits a person from engaging in a "deceptive trade practice," which includes knowingly making "a false representation as to the source, sponsorship, approval, or certification of goods," or "a false representation as to the characteristics, ingredients, uses, benefits, alterations, or quantities of goods." COLO. REV. STAT. § 6-1-105(1)(b), (e).  The CCPA further prohibits "represent[ing] that goods … are of a particular standard, quality, or grade … if he knows or should know that they are of another," and "advertis[ing] goods … with intent not to sell them as advertised." COLO. REV. STAT. § 6-1-105(1)(g), (i).

50. Defendant is a "person" within the meaning of COLO. REV. STAT. § 6-1-102(6).

51. Defendant knew its Flex-Able hoses were defectively designed or manufactured, were prone to premature failure, and were not suitable for their ordinary and intended use as a gardening hose.

52. Defendant engaged in unfair and deceptive acts or practices by intentionally failing to disclose the design or manufacturing defect inherent in its Flex-Able hoses.

53. Defendant concealed material facts from Plaintiffs and members of the Colorado Class in order to induce Plaintiffs and the members of the Colorado Class to purchase the Flex-Able hose, knowing that Plaintiffs and the members of the Colorado Class were relying on Defendant's affirmative misrepresentations.

54. Plaintiffs and the members of the Colorado Class would not have purchased Defendant's Flex-Able hose, or would have paid less, had Defendant disclosed the true, defective

nature of its Flex-Able hoses, thereby proximately causing injury to Plaintiffs and members of the Colorado Class.

## COUNT IV
### VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 349
**(On Behalf of the New York Class)**

55. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

56. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Class against all Defendants.

57. The aforementioned unlawful, false, deceptive, and misleading advertisements by Defendants constitutes a violation of N.Y. GEN. BUS. § 349 because the advertisements constituted "[d]eceptive acts or practices in the conduct of any business, trade or commerce."

58. As a result of Defendants' conduct, Plaintiffs and Class members have suffered an ascertainable loss in the form of direct monetary losses.

59. A causal relationship exists between Defendants' unlawful, false, deceptive, and misleading conduct and the Plaintiffs' and the putative Classes' injuries, including, but not limited to, the amount of money expended to purchase, repair, and replace Defendant's defective Flex-Able hose.  Had Defendant not engaged in the aforementioned deceptive conduct, Plaintiffs and the putative Classes would not have purchased the Flex-Able hoses, or would have paid less for them.

## COUNT V
### VIOLATIONS OF THE NEW YORK GENERAL BUSINESS LAW § 350
**(On Behalf of the New York Class)**

60. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

61. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Class against all Defendants.

62. The aforementioned unlawful, false, deceptive, and misleading advertisements by Defendants constitute violations of N.Y. GEN. BUS. § 350 because the advertisements constituted "[f]alse advertising in the conduct of any business, trade, or commerce."

63. As a result of Defendants' conduct, Plaintiffs and Class members have suffered an ascertainable loss in the form of direct monetary losses.

64. A causal relationship exists between Defendants' unlawful, false, deceptive, and misleading conduct and the Plaintiffs' and the putative Classes' injuries, including, but not limited to, the amount of money expended to purchase, repair, and replace Defendant's defective Flex-Able hose. Had Defendant not engaged in the aforementioned deceptive conduct, Plaintiffs and the putative Classes would not have purchased the Flex-Able hoses, or would have paid less for them.

## COUNT VI
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
(On Behalf of the Nationwide Class or, Alternatively, Each State Class)

65. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

66. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Class against Defendant.

67. At the time of purchase, Defendant had reason to know of Plaintiffs' and the Class members' particular purpose for purchasing its Flex-Able hose.

68. Plaintiffs and the Class members relied on Defendant to design, manufacturer, and properly test a suitable gardening hose product, thereby creating an implied warranty that the goods would be fit for such purpose.

69. The defective Flex-Able hoses were not fit for these purposes, thereby causing injuries to Plaintiffs and the Class members.

## COUNT VII
### BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY
(On Behalf of the Nationwide Class or, Alternatively, Each State Class)

70. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

71. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Class against Defendant.

72. At all times mentioned herein, Defendant manufactured and sold the Flex-Able hose, and prior to the time it was purchased by Plaintiffs and the putative Class, Defendant impliedly warranted to Plaintiffs, that the Flex-Able hose was of merchantable quality and fit for the use for which it was intended.

73. The Flex-Able hoses were unfit for their intended use and were not of merchantable quality, as warranted by Defendant, but instead and contained a manufacturing or design defect.  Specifically, the Flex-Able hose suffers from a design and/or manufacturing defect because it is prone to leaking, bursting, seeping, and dripping.

74. As a direct and proximate result of the breach of said warranties, Plaintiffs and the members of the Class suffered and will continue to suffer losses as alleged herein.

## COUNT VIII
### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING
**(On Behalf of the Nationwide Class or, Alternatively, Each State Class)**

75. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

76. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Class against Defendant.

77. Every contract in New Jersey contains an implied covenant of good faith and fair dealing. The implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms.

78. Defendants breached the covenant of good faith and fair dealing by, *inter alia*, failing to properly notify and adequately disclose to Plaintiffs and Class members that its Flex-Able hoses were defectively designed and/or manufactured and that they were not fit for their ordinary and intended uses.

79. The Defendants acted in bad faith and/or with a malicious motive to deny the Plaintiffs and Class members the benefit of the bargain originally intended by the parties, thereby causing them monetary injury.

## COUNT IX
### UNJUST ENRICHMENT
**(On Behalf of the Nationwide Class or, Alternatively, Each State Class)**

80. Plaintiffs and the Classes incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

81. Plaintiffs bring this cause of action on behalf of themselves and on behalf of the members of the Class against all Defendants. This claim is plead in the alternative to Plaintiffs' contract claims, pursuant to FED. R. CIV. P. 8.

82. Plaintiffs and Class members conferred a tangible economic benefit upon Defendants by purchasing Flex-Able hoses. Plaintiffs and Class members would not have purchased their Flex-Able hoses, or would have paid less for them, had they known that they suffered from a design and/or manufacturing defect and that they were not fit for their ordinary and intended purpose.

83. Failing to require Defendants to provide remuneration under these circumstances would result in Defendants being unjustly enriched at the expense of Plaintiffs and the Class members.

84. Defendants' retention of the benefit conferred upon them by Plaintiffs and members of the Class would be unjust and inequitable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray, on behalf of themselves and members of the Class, that this Court:

A. determine that the claims alleged herein may be maintained as a class action under Rule 23(a), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, and issue order certifying the Class as defined above;

B. award all actual, general, special, incidental, statutory, punitive and consequential damages to which Plaintiffs and Class members are entitled;

C. award pre-judgment and post-judgment interest on such monetary relief;

D. grant appropriate injunctive and/or declaratory relief as the Court may deem reasonable;

E. award reasonable attorneys' fees and costs; and grant such further and other relief that this Court deems appropriate.

## **JURY DEMAND**

Plaintiffs, on behalf of themselves and the putative class, demand a trial by jury on all issues so triable.

Dated:  April 25, 2014                                  Respectfully submitted,

                                        By:     *//s// Joseph G. Sauder*
                                                CHIMICLES & TIKELLIS LLP
                                                Joseph G. Sauder
                                                Matthew D. Schelkopf
                                                Joseph B. Kenney
                                                One Haverford Centre
                                                361 West Lancaster Avenue
                                                Haverford, PA 19041
                                                Telephone: (610) 642-8500
                                                Facsimile: (610) 649-3633
                                                E-mail: JosephSauder@chimicles.com
                                                            MatthewSchelkopf@chimicles.com
                                                            JBK@chimicles.com

                                                Thomas B. Malone
                                                The Malone Firm, LLC
                                                1650 Arch Street, Suite 1903
                                                Philadelphia, PA 19103
                                                Telephone: (215) 987-5200
                                                E-mail: tmalone@themalonefirm.com

                                                *Counsel for Plaintiffs and the Class*